```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

RICHARD DEAN MEARS,            )
                               )
          Plaintiff,           )
                               )
     v.                        )     1:20CV220
                               )
GILBARCO VEEDER-ROOT, INC.,    )
TRC PROFESSIONAL STAFFING      )
SOLUTIONS, BENITA MCRAE,       )
and JONATHAN PATTERSON         )
                               )
          Defendants.          )

## MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Plaintiff Richard Dean Mears, ("Mears" or "Plaintiff"), proceeding pro se, brings this action alleging discrimination based upon race and color in violation of Title VII, 42 U.S.C. §§ 2000e et seq. (Doc. 1 at 3, 4.) Plaintiff names as defendants Gilbarco Veeder-Root, Inc. ("Gilbarco"), TRC Professional Staffing Solutions ("TRC")[1], Benita McRae ("McRae"), and Jonathan Patterson ("Patterson"). (Id. at 2.) Gilbarco filed an Answer to the Complaint. (Doc. 12.) McRae and Patterson filed a Motion to Dismiss, (Doc. 10), to which Plaintiff has filed a response,

---

[1] TRC contends its true name is TRC Staffing Services, Inc. (See Doc. 25 at 1.) In the absence of any objection from Plaintiff, this court uses "TRC" to refer to the true name of the relevant entity, "TRC Staffing Services, Inc."

(Doc. 17), and McRae and Patterson have replied, (Doc. 20). The motion is ripe.

Plaintiff also filed his Motion to Deny Defendant Gilbarco Veeder-Root's Motion to Dismiss and Motion to Deny Individual Defendants Benita McRae and Jonathon Patterson's Motion to Dismiss. (Doc. 19.) Gilbarco alleged in its answer, as a defense, that "[t]he Complaint fails to state a claim upon which relief may be granted." (Doc. 12 at 1.) However, that sentence is insufficient to raise a 12(b)(6) issue in this court. LR 7.3 requires that "[a]ll motions . . . shall be in writing and shall be accompanied by a brief . . . . Each motion shall be set out in a separate pleading. LR 7.3(a). "The failure to file a brief or response . . . shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect." LR 7.3(k). This court therefore finds that Gilbarco's motion to dismiss, to the extent raised by the Answer, is not ripe and is therefore denied. Plaintiff's motion responding to Gilbarco's motion to dismiss will be denied as unripe as well.

Similarly, Plaintiff's motion "to deny individual defendants Benita McRae and Jonathon Patterson's motion to dismiss" is an improper pleading. Under the Local Rules, a "respondent, if opposing a motion, shall file a response,

including brief." LR 7.3(f). Plaintiff filed his response as permitted and required. (See Doc. 17.) Plaintiff, as respondent, is not permitted to file a second, separate pleading in response to a motion.

Plaintiff's Motion to Deny Defendant Gilbarco Veeder-Root's Motion to Dismiss and Motion to Deny Individual Defendants Benita McRae and Jonathon Patterson's Motion to Dismiss, (Doc. 19), will therefore be denied.

TRC has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 25.) Plaintiff has filed a response, (Doc. 30), and TRC filed a reply, (Doc. 31). The motion is ripe.

For the following reasons, this court finds both TRC's motion to dismiss and McRae and Patterson's motion to dismiss should be granted.

I. **STATEMENT OF THE FACTS**

The facts, construed in the light most favorable to Plaintiff, are as follows.

Plaintiff was "hired by Defendant Gilbarco Veeder-Root, Inc. through a professional staffing agency known as TRC Professional Staffing Solutions based on a six-month to hire contract." (Complaint ("Compl.") (Doc. 2) at 5.) Plaintiff was a second-shift supervisor and assigned a team of approximately twelve employees. (Id.) Plaintiff's immediate supervisor was

Megan Halko. (Id. at 5.) Plaintiff is white, (id. at 11), and Halko is also white, (id. at 5). Defendant Patterson was a Human Resources Manager with Gilbarco, (id. at 6), as was Defendant McRae, (id. at 7). Patterson and McRae are black. (Id. at 6, 7.)

Difficulties developed between Plaintiff and a black employee, Richard Broadnax ("Broadnax") relating to unexcused absences and Plaintiff's duty to deliver write-ups. (Id. at 6-7.) According to Plaintiff, termination papers for Broadnax had been prepared by Gilbarco and sent to Patterson. (Id.) Plaintiff contends that he was told Broadnax would not be terminated because of his skin color. (Id.) Plaintiff alleges Broadnax called him names and sent inappropriate text messages. (Id. at 7.) Plaintiff showed the text messages to McRae, who acknowledged Broadnax's statements were worse than Plaintiff's texts but that the exchange "was just a wash between the two of [them]." (Id. at 7.) Plaintiff alleges Broadnax should have been terminated but was not, and that the HR Department at Gilbarco treats members of other races more favorably. (Id. at 8.)

On January 3, 2020, Plaintiff was summoned by McRae to a "coaching session" with Halko. (Id. at 8.) However, the meeting was cancelled. (Id.) After Plaintiff left work, he was contacted by TRC and informed that his contract with Gilbarco had been cancelled. (Id.) During that conversation, Plaintiff

-4-

Case 1:20-cv-00220-WO-JLW   Document 33   Filed 03/30/21   Page 4 of 12

was told that the reason for the cancellation was "HR Management at Gilbarco." (Id.) Plaintiff alleges that Broadnax was never terminated and, when Plaintiff was terminated, a black supervisor was assigned to his position. (Id. at 8-9.)

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff provides enough factual content to allow the court to reasonably infer that the defendant is liable for the alleged misconduct. Id. The pleading setting forth the claim must be "liberally construed" in the light most favorable to the nonmoving party, and allegations made therein are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, the "requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim." Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004). The court must separate out allegations not entitled to the assumption of truth, including conclusory allegations and bare assertions amounting to a "formulaic

-5-

recitation of the elements[,]" to determine whether the factual allegations, taken as true, "plausibly suggest an entitlement to relief." Iqbal, 556 U.S. at 680-81.

Moreover, Plaintiff is proceeding pro se. "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). "Nevertheless, liberal construction of a pro se complaint does not "undermine Twombly's requirement that a pleading contain 'more than labels and conclusions[.]'" Chrisp v. Univ. of N.C.-Chapel Hill, 471 F. Supp. 3d 713, 716 (M.D.N.C. 2020) (quoting Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008)).

**III. ANAYSIS**

    **A.    Patterson and McRae's Motion to Dismiss**

Plaintiff alleges discriminatory termination and unequal terms and conditions of employment, all in violation of Title VII. (Compl. (Doc. 2) at 4.) He brings these allegations against both his individual bosses, Patterson and McRae, and the company that employed him. Patterson and McRae raise one argument in support of their motion to dismiss: "that Title VII of the Civil Rights Act of 1964, as amended . . . does not permit claims

-6-

against individual managers and supervisors." (Doc. 10 at 1; see Doc. 11 at 1.) This court agrees.

In <u>Lissau v. Southern Food Service, Inc.</u>, the Fourth Circuit held that "[e]mployees are not liable in their individual capacities for Title VII violations." 159 F.3d 177, 178 (4th Cir. 1998). The Fourth Circuit and district courts continue to follow the precedent established by <u>Lissau</u>. <u>See, e.g.</u>, <u>Abeles v. Metro. Washington Airports Auth.</u>, 676 F. App'x 170, 176-77 (4th Cir. 2017); <u>Jefferies v. UNC Reg'l Physicians Pediatrics</u>, 320 F. Supp. 3d 757, 760 (M.D.N.C. 2018). This court therefore finds the motion to dismiss filed by Patterson and McRae, (Doc. 10), should be granted.

**B.  <u>TRC's Motion to Dismiss</u>**

Plaintiff alleges TRC discriminated against him based on race and color under Title VII. TRC argues Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 25 at 1.) Employment discrimination complaints must meet the plausibility standard of <u>Twombly</u>; however, the plaintiff is not required to make out a prima facie case of discrimination or satisfy any heightened pleading requirements at the motion to dismiss stage. <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 511 (2002); <u>McCleary-Evans v. Md. Dep't of Transp.</u>, 780 F.3d 582, 584-85 (4th Cir. 2015). The plaintiff need only plead facts that

-7-

permit the court to reasonably infer each element of the prima facie case under Title VII. McCleary-Evans, 780 F.3d at 585; see also Coleman v. Md. Ct. Appeals, 626 F.3d 187, 191 (4th Cir. 2010) (stating that a complaint must "assert facts establishing the plausibility" that plaintiff was terminated based on race). If a plaintiff makes such a showing, the claim will usually survive a motion to dismiss, and the burden then shifts to the defendant to provide a legitimate, nondiscriminatory reason for the disparate treatment. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Since Plaintiff does not allege direct evidence of discrimination, he must allege discrimination indirectly. See, e.g., Foster v. Univ. of Md.-E. Shore, 787 F.3d 243, 249 (4th Cir. 2015) ("Plaintiff may prove these violations either through direct and indirect evidence . . . or through the burden-shifting framework of McDonnell Douglas . . . ."). In the absence of direct evidence,

> "a plaintiff may prove unlawful discrimination under the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973)." Lee [v. Wade, No. 3:15CV37], 2015 WL 5147067, at *3 [E.D. Va. Aug. 31, 2015]. "To establish a prima facie case of race discrimination under McDonnell Douglas, a plaintiff must demonstrate '(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class.'" Goode v.

-8-

Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 626 (4th Cir. 2015) (quoting Coleman v. Maryland Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. Coleman v. Court of Appeals of Maryland, 566 U.S. 30, 132 S. Ct. 1327, 182 L.Ed.2d 296 (2012)).

Hinton v. Va. Union Univ., 185 F. Supp. 3d 807, 817–18 (E.D. Va. 2016). TRC argues that Plaintiff cannot meet these elements, arguing that he "fails to allege that TRC took any adverse action against him, or treated him any differently from similarly situated employees outside his protected class." (Doc. 26 at 7.)

Plaintiff alleges very few facts as to TRC. He does allege that he "was hired by Defendant Gilbarco Veeder-Root, Inc. through a professional staffing agency known as TRC Professional Staffing Solutions based on a six-month to hire contract." (Compl. (Doc. 2) at 5.) Accepting that allegation as true and drawing all reasonable inferences in favor of Plaintiff, this court is unable to find this allegation establishes any continuing employment relationship between Plaintiff and TRC – Plaintiff directly alleges he was "hired" by Gilbarco.

Moreover, Plaintiff alleges that "[a]fter Plaintiff ended his work and departed Gilbarco at about 4pm, he was contacted by TRC Professional Staffing Solutions informing Plaintiff that his contract with Gilbarco had been terminated." (Id. at 8.) Then, "[w]hen Plaintiff inquired as to the reason, the TRC

-9-

representative stated that it was HR Management at Gilbarco." (Id.) Again, accepting these facts as true, although TRC made the notification, it was Plaintiff's contract with Gilbarco - not employment with TRC - that was terminated. Plaintiff's allegation that TRC advised him the reason for his termination was "HR Management at Gilbarco," (id.), can only support an inference that Gilbarco employed Plaintiff, not TRC.

"An entity can be held liable in a Title VII action only if it is an "employer" of the complainant." Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404, 408 (4th Cir. 2015). Two parties can be held liable as employers; however, under the joint employer doctrine, this is only possible if the two parties "share or co-determine those matters governing the essential terms and conditions of employment." Id.; see also Elsayed v. Fam. Fare LLC, No. 1:18-cv-1045, 2020 WL 4586788, at *10 (M.D.N.C. Aug. 10, 2020).

The Fourth Circuit adopted this joint employment doctrine in Butler. 793 F.3d at 408. Although "multiple entities may simultaneously be considered employers for the purposes of Title VII," id. at 410, the Fourth Circuit applies the hybrid test to determine whether an individual is employed by two or more entities. Id. at 414; see also Velasquez v. Sonoco Display & Packaging, LLC, No. 1:17CV865, 2018 WL 1773128, at *3 (M.D.N.C.

-10-

Apr. 11, 2018), report and recommendation adopted, No. 1:17-CV-865, 2018 WL 2016506 (M.D.N.C. Apr. 30, 2018). Though that test requires application of a set of factors, "the common-law element of control remains the 'principal guidepost' in the analysis." Butler, 793 F.3d at 414; see also Greene v. Harris Corp., 653 F. App'x 160, 163 (4th Cir. 2016). The three most important factors are (1) which entities have the power to hire and fire the employee, (2) the extent to which the employee is supervised, and (3) where and how the work takes place. Id.

Plaintiff has not alleged any facts which suggest TRC maintained any employment relationship with Plaintiff following his placement with Gilbarco. There are no allegations that TRC had any impact on Plaintiff's supervision or employment logistics. Nor has Plaintiff presented any facts to suggest that, by its telephone call informing Plaintiff of his termination, TRC made the decision to terminate him. To the contrary, Plaintiff's allegations plausibly suggest Gilbarco's Human Resources department implemented the termination and TRC merely conveyed the fact of termination to Plaintiff.

This court therefore finds TRC's motion to dismiss, (Doc. 25), should be granted.

-11-

Case 1:20-cv-00220-WO-JLW   Document 33   Filed 03/30/21   Page 11 of 12

## II. CONCLUSION

For the reasons set forth herein,

**IT IS THEREFORE ORDERED** that the Motion to Dismiss filed by Defendants Benita McRae and Jonathan Patterson, (Doc. 10), is **GRANTED** and all claims as to Patterson and McRae are **DISMISSED**.

**IT IS FURTHER ORDERED** that Defendant Gilbarco Veeder-Root, Inc.'s motion to dismiss, to the extent raised by the Answer, (Doc. 12), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Deny Defendant Gilbarco Veeder-Root's Motion to Dismiss and Motion to Deny Individual Defendants Benita McRae and Jonathan Patterson's Motion to Dismiss, (Doc. 19), is **DENIED**.

**IT IS FURTHER ORDERED** that TRC's Motion to Dismiss Plaintiff's Complaint, (Doc. 25), is **GRANTED** and all claims as to TRC are **DISMISSED**.

This the 30th day of March, 2021.

_____
United States District Judge